IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01461-PSF-BNB

SOME-R-HOME, LLC, a Colorado limited liability company,

Plaintiff,

v.

UNITED STATES FOREST SERVICE, a federal agency within the United States Department of Agriculture, and
OSCAR P. MARTINEZ, in his capacity as district ranger for the Yampa Ranger District of the Medicine Bow-Routt National Forest,

Defendants.
_____

**ORDER**
_____

This matter is before me on the parties' **Joint Motion to Stay Discovery** [Doc. # 31, filed 1/24/06] (the "Motion"), which seeks a stay of discovery pending a ruling on the United States' motion to dismiss, which was filed on October 14, 2005. The Motion is DENIED.

The parties characterize the motion to dismiss as being grounded on a lack of jurisdiction. In fact, the motion to dismiss is based on a statute of limitations defense and is properly characterized as a motion to dismiss for failure to state a claim upon which relief may be granted.

A similar motion to stay was filed on October 18, 2005. That motion was denied on October 27, 2005. The present motion is not materially different from the motion previously denied.

Most important, however, is the fact that staying discovery until after the motion to dismiss is ruled on would unreasonably delay preparation of the case for trial. The district judge

assigned to this case has instructed, and I have informed the parties, that he plans to have all cases tried within one year of filing, absent extraordinary circumstances, and that discovery, including expert discovery, is to be completed within 120 days of the scheduling conference. This case was filed on August 3, 2005. The motion to dismiss was filed on October 14, 2005, but not fully briefed until December 5, 2005. The district judge will require a reasonable period of time to rule on the motion to dismiss, and I would not expect a ruling for several months.

It is the standard practice in this district not to stay discovery while motions to dismiss are pending. This practice recognizes the fact that most such motions are denied and that staying discovery while a motion to dismiss is pending is contrary to the charge of Rule 1, Fed. R. Civ. P., that cases be administered "to secure the just, speedy, and inexpensive determination of every action."

IT IS ORDERED that the Motion is DENIED.

Dated January 26, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge